**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

K.B., an individual,

    Plaintiff,

v.

INTER-CONTINENTAL HOTELS
CORPORATION; WYNDHAM HOTELS AND
RESORTS, INC.; BEST WESTERN
INTERNATIONAL, INC.; AND MARRIOTT
INTERNATIONAL, INC.;

    Defendants.

Case No.: 1:19-cv-01213-AJ

/

## MARRIOTT INTERNATIONAL, INC.'S RESPONSE TO PLAINTIFF K.B.'S MOTION FOR A PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY

Defendant Marriott International, Inc. ("Marriott International"), by and through the undersigned counsel, hereby responds to Plaintiff's Motion for a Protective Order and Leave to Proceed Anonymously (Dkt. 2) (the "Motion") and in support states as follows:

### INTRODUCTION

The Complaint alleges that K.B. was the victim of criminal sex trafficking at hotels in New Hampshire, including the TownePlace Suites Laconia-Guilford. In her Motion, K.B. requests leave to proceed anonymously for purposes of "all materials filed in this action." Dkt. 2, at 8. The Motion argues that proceeding anonymously is appropriate because requiring K.B. to disclose her identity in public filings would further victimize her and compound the harms she seeks to redress. Dkt. 2, at 2. The Motion also argues that K.B. fears potential retaliation by her alleged trafficker. Dkt. 2, at 2, 5-6.

Marriott International recognizes the highly sensitive and personal nature of this action. As such, and in light of Plaintiff's representation that she will provide Defendants with her true

1

name and identity, as well as the identity of her trafficker(s) (*see* Dkt. 2, at 2), Marriott International does ***not*** oppose the entry of an order allowing her to proceed anonymously, without prejudice to either party's right to revisit the issue prior to trial. Marriott International does oppose the motion to the extent it seeks to restrict Marriott International's ability to use Plaintiff's identity (as well as the identity of her trafficker) to investigate the claims asserted and in the course of discovery in this action. Such restrictions would severely prejudice Marriott International's ability to investigate Plaintiff's allegations and to prepare its defense in this action.

## ARGUMENT

"Every pleading" in federal court "must name all the parties." Fed R. Civ. P. 10(a). Nevertheless, courts have permitted parties to proceed anonymously and to seal documents that reveal their true identities when extraordinary circumstances justify that restriction. *Doe v. Trustees of Dartmouth College*, No. 18-cv-690-JD, 2018 WL 5801532, at *1 (D.N.H. Nov. 2, 2018). The First Circuit has not addressed the issue of proceeding anonymously. *Id.* at *1, n.1. However, other circuit courts that have addressed the issue have crafted balancing tests based on a series of factors to determine whether extraordinary circumstances exist. *Id.* at *1. In *Trustees of Dartmouth College*, this court adopted the balancing test articulated by the Second Circuit in *Sealed Plaintiff v. Sealed Defendant*. 537 F.3d 185 (2nd Cir. 2008). There, the Second Circuit set forth the following factors to consider in determining whether a plaintiff should proceed anonymously:

> (1) whether the case involves matters that are highly sensitive and of a personal nature; (2) whether identification would cause the litigation or a third party physical or mental harm; (3) whether identification would cause an injury that the litigation seeks to prevent; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether and how keeping the plaintiff anonymous would prejudice the defendant; (7) whether the plaintiff's identity has remained confidential; (8) whether identifying the plaintiff furthers the public interest; and (9)

whether alternative mechanisms could protect the plaintiff's confidentiality.

*Trustees of Dartmouth College*, 2018 WL 5801532, at *2 (citing *Sealed Plaintiff*, 537 F.3d at 189).

In this case, K.B. has asserted claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). To assert a claim under the TVPRA, K.B. must be a trafficking "victim." 18 U.S.C. § 1595(a). In other words, K.B. must establish that she was caused to engage in commercial sex acts against her will through force, threats of force, fraud, or coercion. 18 U.S.C. § 1591(a). Investigating whether K.B. was in fact a victim of sex-trafficking under the TVPRA will involve the use of K.B.'s identity in discovery to determine whether a crime occurred and, if so, the identities of those who were involved.

Marriott International does not oppose K.B.'s request to proceed anonymously for purposes of pre-trial public filings, provided Marriott International has a full and fair opportunity to investigate K.B.'s claims and defend against them.[1]

## CONCLUSION

For all the foregoing reasons, if the Court is inclined to permit K.B. to proceed anonymously for any purposes in this action, Marriott International respectfully requests that the Court limit K.B.'s motion and the scope of any relief to pre-trial public filings.

---

[1] To that end, and as noted in the Joint Discovery Plan that is due to be filed March 9, 2020, the parties have agreed to meet and confer to negotiate a stipulated protective order to be entered in this action.

3

Respectfully submitted,

MARRIOTT INTERNATIONAL, INC.

By and through its attorneys,
SHEEHAN PHINNEY BASS & GREEN, PA

Dated: March 9, 2020      By:   /s/ *Megan C. Carrier*
Robert R. Lucic, N.H. Bar. No. 9062
Megan C. Carrier, NH Bar No. 20352
1000 Elm Street, P.O. Box 3701
Manchester, NH 03101
(603) 627-8188; (603) 627-8103
rlucic@sheehan.com; mcarrier@sheehan.com

Michael P. O'Day (admitted *pro hac vice*)
Ellen E. Dew (admitted *pro hac vice*)
Michael Bakhama
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209
michael.oday@us.dlapiper.com
ellen.dew@us.dlapiper.com
michael.bakhama@us.dlapiper.com

*Attorneys for Defendant*
*Marriott International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties and/or counsel of Record.

/s/ *Megan C. Carrier*
Megan C. Carrier