## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| K.B,<br><br>*Plaintiff*,<br><br>v.<br><br>INTER-CONTINENTAL HOTELS CORPORATION; WYNDHAM HOTELS AND RESORTS, INC.; BEST WESTERN INTERNATIONAL, INC.; AND MARRIOTT INTERNATIONAL, INC.;<br><br>*Defendants*. | Civil Action No. 1:19-cv-01213 |

## PARTIES' PROPOSED DISCOVERY PLAN
### Fed. R. Civ. P. 26(f)

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Counsel for the parties initially conferred on March 2, 2020 and have communicated several times thereafter. On March 10, 2020, the Court issued an Order extending the deadline for issuing a scheduling order until after the resolution of then pending Motions to Dismiss filed by the Defendants. On September 28, 2020, the Court issued an Order on the Motions to Dismiss. The parties participated in a second meet and confer on October 28, 2020. The second meet and confer was attended by Michael P. Rainboth, Jaime M. Farrell, and Tiffany R. Ellis for Plaintiff, K.B. ("Plaintiff"). The meet and confer was attended by Robert R. Lucic and Christopher B. Donovan for Defendant Wyndham Hotels & Resorts, Inc.; Karen Campbell and Kristin Hartman for Defendant, Best Western International, Inc.; Robert R. Lucic and Ellen E. Dew for Defendant Marriott International, Inc.; and Michael Johnson, Erin Bucksbaum and John Hamrick for Defendant, Inter-Continental Hotels Corporation (collectively, "Defendants"). The parties, by and through their respective undersigned counsel, hereby jointly propose and submit to the Court the following Discovery Plan, as set forth below:

{B0858052.1}                                    1

**DATE/PLACE OF CONFERENCE:**

November 4, 2020 at 3:00 pm before Magistrate Judge Andrea K. Johnstone.

**COUNSEL PRESENT/REPRESENTING:**

<u>For Plaintiff</u>:

Michael P. Rainboth, Esquire
Coughlin, Rainboth, Murphy & Lown
439 Middle Street
Portsmouth, NH 03801
(603) 431-1993
mrainboth@nhtrialattorneys.com

Paul J. Pennock, Esquire
Morgan & Morgan PA
850 3rd Ave, Suite 402
Brooklyn, NY 11232
(212) 558-5549
ppennock@forthepeople.com

Jaime M. Farrell, Esquire
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
(212) 558-5549
jfarrell@weitzlux.com

Tiffany R. Ellis, Esquire
Weitz & Luxenberg, P.C.
3011 W. Grand Blvd. 24th Floor
Detroit, MI 48202
(313) 315-3151
tellis@weitzlux.com
*Anticipating Pro Hac Vice Admission*

<u>For Defendant, Inter-Continental Hotels Corporation</u>:

Michael P. Johnson
Erin S. Bucksbaum
Boyle Shaughnessy Law PC
650 Elm Street, #404
Manchester, NH 03101

mjohnson@boyleshaughnessy.com
ebucksbaum@boyleshaughnessy.com

John M. Hamrick
Georgia Bar No. 322079
(admitted *pro hac vice*)
1180 West Peachtree Street, NW
Suite 1800
Atlanta, GA 30309
Telephone: (404) 817-8500
Facsimile: (404) 881-0470
john.hamrick@hklaw.com


For Defendant, Wyndham Hotels & Resorts, Inc.:

Robert R. Lucic, Esquire
Megan C. Carrier, Esquire
Sheehan Phinney Bass & Green PA
1000 Elm Street
P.O. Box No. 3701
Manchester, NH 03105-3701
(603) 627-8103
rlucic@sheehan.com
mcarrier@sheehan.com

David S. Sager, Esquire
DLA Piper LLP
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
(973) 520.2570
david.sager@dlapiper.com

For Defendant, Best Western International, Inc.:

Karen Campbell, Esquire
Kristin Hartman, Esquire
Lewis Brisbois Bisgaard & Smith LLP
77 Water Street, Suite No. 2100
New York, NY 10005
(212) 232-1300
karen.campbell@lewisbrisbois.com
tkristin.hartman@lewisbrisbois.com

For Defendant, Marriott International, Inc.:

Robert R. Lucic, Esquire
Megan C. Carrier, Esquire

{B0858052.1}                                    3

>Sheehan Phinney Bass & Green PA
>1000 Elm Street
>P.O. Box No. 3701
>Manchester, NH 03105-3701
>(603) 627-8103
>rlucic@sheehan.com
>mcarrier@sheehan.com
>
>Michael P. O'Day, Esquire
>Ellen E. Dew, Esquire
>DLA Piper LLP
>6225 Smith Avenue
>Baltimore, MD 21209
>(410) 580-3000
>michael.oday@dlapiper.com
>ellen.dew@dlapiper.com

## **CASE SUMMARY**

**THEORY OF LIABILITY:**

*Plaintiff's Contentions:* Plaintiff is a victim and survivor of commercial sex trafficking as defined by the Trafficking Victims Protection Reauthorization Act ("TPVRA") 18 U.S.C. §1591, *et seq*. The TVPRA criminalizes the sexual commodification of adults by force, fraud, or coercion, and of children, irrespective of force, fraud, or coercion. Separately, Section 1595 of the TVPRA provides victims of sex trafficking with a civil cause of action and corresponding civil remedies. The Plaintiff brings her cause of action pursuant to §1595. Plaintiff's complaint details how she was trafficked consistently throughout Defendants' hotels. Plaintiff alleges Defendants "knew, or should have known, that K.B. was being trafficked at their hotels and they were knowingly benefiting financially from her exploitation, because K.B.'s traffickers (including her buyers) frequented the Defendants' hotels." *See* ECF No. 1 at ¶ 72. Plaintiff will show Defendants ignored or otherwise failed to recognize – or train staff to recognize – well-known signs of sex trafficking.

Plaintiff anticipates discovery will show Defendants are directly liable as they financially

benefited from a venture which they knew, or should have known, was engaged in sex trafficking. Based on what is revealed during discovery Plaintiff may amend her complaint and/or move for reconsideration on this theory of liability. Further, Plaintiff alleges that Defendants are vicariously liable to Plaintiff as a financial beneficiary of sex trafficking by virtue of their own negligence and the conduct of their agents at their brand hotels where Plaintiff was trafficked for sex. No overt acts are necessary to prove beneficiary liability under the TVPRA. Plaintiff anticipates amending her complaint to include additional facts to show the hotels were controlled by Defendants' employees.

**THEORY OF DEFENSE:**

***Defendant Inter-Continental Hotels Corporation's Defense:*** Plaintiff's allegations do not give rise to a TVPRA violation by Inter-Continental Hotels Corporation ("IHC").[1] To ultimately prove a claim under the TVPRA, Plaintiff must show that IHC "knowingly benefit[ed] . . . from participation in a venture which it knew or should have known" committed a human-trafficking crime. 18 U.S.C. § 1595. Plaintiff cannot prove that IHC "participated in a sex-trafficking venture" because there are no affirmative, overt actions by IHC that furthered the purported venture. Plaintiff also cannot show that IHC "knowingly benefitted" from Plaintiff's trafficking because there is no causal relationship between affirmative conduct by IHC and receipt of any benefit by IHC. Moreover, while Plaintiff repeats the legal conclusion that IHC "knew or should have known" about Plaintiff's trafficking throughout her Complaint, she cannot provide <u>any actual facts</u> demonstrating how IHC—which is not the franchisee, the hotel owner, or the hotel operator—knew or should have known about Plaintiff's trafficking.

In addition, Plaintiff's claims of actual and apparent agency against IHC fail as a matter of

---

[1] IHC is neither the franchisor, owner, nor operator of the Holiday Inn® Concord Downtown as identified in the Complaint, nor does IHC control the day-to-day operations of the hotel

{B0858052.1}    5

law. Here, there is no credible claim of franchisor liability or of an actual agency relationship between IHC and the franchised hotel owner. Indeed, Plaintiff's Complaint merely alleges IHC retained the right to enforce certain brand standards, or simply makes conclusory allegations attempting to show joint employer status. Under well-settled New Hampshire law, this is insufficient to impose liability on IHC.

Finally, Plaintiff's state law negligence claims fail because IHC, as the purported franchisor, does not owe any duty to Plaintiff for the alleged actions or inactions of the hotel owner/franchisee.

***Defendant Wyndham Hotels & Resorts, Inc.'s Defense:*** WHRI is the ultimate parent company of the franchisor of the Super 8® brand of guest lodging facilities. Neither WHRI nor its subsidiary owned, operated, managed, or controlled the day-to-day operations of the Super 8®-branded hotel identified in the Complaint. Furthermore, the Complaint fails to adequately plead (and WHRI affirmatively denies) that WHRI benefited from, participated in, knew or should have known of Plaintiff's trafficking, or is liable for the alleged trafficking of Plaintiff under 18 U.S.C. § 1595(a) or otherwise.

***Defendant, Best Western International, Inc.'s Defense:***

On September 28, 2020, the Court issued a Decision and Order denying and granting, in parts, Best Western International's ("BWI") Motion to Dismiss.

Specifically, the Court dismissed Plaintiff's claims for unjust enrichment and negligent supervision and training. The Court also limited Plaintiff's claims against BWI for negligence and under the TVPRA to a theory of vicarious liability. BWI submits plaintiff's remaining causes of action must fail. First, BWI will prove the Court lacks personal jurisdiction over it in this case. Second, Plaintiff's state law claims are partially barred by New Hampshire's statute of limitations (N.H. Rev. Stat § 508:4). Third, Plaintiff's state law and TVPRA claims are inapplicable as to BWI

{B0858052.1}                                                6

because it was not the owner of the premises where the alleged trafficking occurred, was not responsible for the hiring or supervision of the franchises' employees, and did not owe plaintiff a duty of care.

***Defendant, Marriott International, Inc.'s Defense:***

Ruling on the Defendants' motions to dismiss Plaintiff's Complaint, this Court held that Plaintiff failed to state a plausible claim for direct liability under the William Wilberforce Trafficking Victims Protection Reauthorization Act ("TVPRA"). See Dkt. No. 75. Specifically, this Court ruled that Plaintiff did not "make a plausible claim that any of the[] defendants directly participated in a venture that trafficked K.B. at the specific hotel locations she alleges her traffickers used" and that she failed "to allege facts as to how the[] defendants knew or should have known plaintiff was being trafficked. *Id*. at 12 (further noting that allegations about the failure to prevent sex trafficking at hotels generally is not sufficient to state a TVPRA claim). As such, Plaintiff's TVPRA and negligence claims are now limited to a theory of vicarious liability. The Court also dismissed Plaintiff's unjust enrichment and negligent supervision and training claims.

Even as limited by the Court, Plaintiff's claims against Marriott fail and Marriott is not vicariously liable to Plaintiff because it neither owns nor controls the local hotels and it was not involved in the alleged conduct involving the trafficking activities of K.B. at the local hotels as referenced in the Complaint. Marriott did not know and had no reason to suspect that the rooms were used to commit sex trafficking crimes as alleged by Plaintiff. The TownePlace Suites Laconia-Gilford, which is the only Marriott-branded hotel at which Plaintiff claims to have been trafficked, was licensed to independent owners and operators. Marriott did not own or operate the TownePlace Suites Laconia-Gilford or employ any individuals there. Marriott International is the franchisor. As a franchisor, Marriott did not have day-to-day control over the franchised hotels at which Plaintiff claims to have been trafficked, and certainly did not have control over the specific

instrumentalities of Plaintiff's alleged harm implicated in the Complaint. As such, Marriott, as franchisor, may not be held vicariously liable for any violation of the TVPRA or for Plaintiff's state law negligence claim.

**DAMAGES:**

Plaintiff seeks: (a) compensatory damages for the described losses with respect to each cause of action; (b) past and future medical expenses, as well as the costs associated with past and future life care; (c) past and future lost wages and loss of earning capacity; (d) past and future emotional distress; (e) consequential and/or special damages; (f) all available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life; (g) punitive damages with respect to each cause of action; (h) reasonable and recoverable attorneys' fees; (i) costs of this action; and (j) pre-judgment and all other interest recoverable.

Plaintiff intends to seek injunctive relief in the form of a judgment requiring Defendants to institute sufficient audits, policies, rules, and requirements of their employees, agents, franchisees, contractors, and/or all others operating under their flag, logo, trademark, or advertising umbrella to insure that the actions and activities outlined above no longer occur and may not serve in the future to jeopardize the health and safety of individuals similarly situated to Plaintiff.

**DEMAND(S):**

No later than **November 3, 2021**.
**OFFER(S):**

No later than **December 1, 2021**.

**JURISDICTIONAL QUESTIONS:**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the action arises under the laws of the United States, specifically 18 U.S.C. §1595 the Trafficking Victims Protection Reauthorization Act of 2008.

BWI denies the Court has personal jurisdiction, as raised in its Answer (Dkt. 81 at ¶ 15). In granting in part and denying in part BWI's Motion to Dismiss (Dkt. 75), the Court did not determine whether BWI is subject to personal jurisdiction in New Hampshire, but permitted plaintiff to conduct jurisdictional discovery. (Dkt. 75 at p. 22).

**QUESTIONS OF LAW:**

*Defendant BWI's response:* In granting in part and denying in part defendants' motions to dismiss (Dkt. 75), the Court dismissed plaintiff's claims for unjust enrichment and negligent hiring and supervision. The Court also determined plaintiff has not alleged a viable TVPRA cause of action against defendants based on direct liability. Thus, there are no questions of law as to these dismissed claims. Questions of law exist as to plaintiff's claims for indirect liability under the TVPRA and for negligence. BWI claims (1) the Court lacks personal jurisdiction; (2) plaintiff's negligence claim is partially barred by New Hampshire's statute of limitations (N.H. Rev. Stat § 508:4); (3) BWI did not owe plaintiff a duty of care, as it did not own, supervise or control the premises where the alleged trafficking occurred, and was not responsible for the hiring or supervision of the premises' employees; and (4) BWI is not liable under the TVPRA as it lacked day-to-day control over the premises to establish an agency relationship or any other relationship required to impose vicarious liability.

*Marriott International's Response*: Marriott International submits that the questions of law at issue in this case regarding Plaintiff's remaining claims include:

- Whether secondary liability is available on a beneficiary claim under the TVPRA;
- Whether Marriott International may be held vicariously liable under the TVPRA;
- Whether Marriott International may be vicariously liable for negligence under the TVPRA;
- Whether the franchised local hotel owed Plaintiff a duty of care to prevent unforeseeable criminal acts carried out by her trafficker(s);

- Whether Plaintiff's claims are barred, in whole or in part, by the statute of limitations;

- Whether Plaintiff's claims are barred, in whole or in part, by any other affirmative defense asserted by Marriott International.

*WHRI's Response*: WHRI submits that the questions of law at issue in this case regarding Plaintiff's remaining claims include:

- Whether vicarious liability is available on a non-perpetrator claim under the TVPRA;

- Whether WHRI may be held vicariously liable under the TVPRA;

- Whether WHRI may be vicariously liable for negligence under the TVPRA;

- Whether Plaintiff's claims are barred, in whole or in part, by the statute of limitations;

- Whether Plaintiff's claims are barred, in whole or in part, by any other affirmative defense asserted by WHRI.

*IHC's Response*: IHC submits that the questions of law at issue in this case regarding Plaintiff's remaining claims include:

- Whether vicarious liability is available under a beneficiary liability claim under the TVPRA;

- Whether IHC may be held vicariously liable under the TVPRA;

- Whether IHC may be vicariously liable for negligence under the TVPRA;

- Whether the franchised local hotel owed Plaintiff a duty of care to prevent unforeseeable criminal acts carried out by her trafficker(s);

- Whether Plaintiff's claims are barred, in whole or in part, by the statute of limitations;

- Whether Plaintiff's claims are barred, in whole or in part, by any other affirmative defense asserted by IHC.

**TYPE OF TRIAL:**

The Plaintiff has requested jury trials on all issues so triable.

## **SCHEDULE**

**TRACK ASSIGNMENT:**

    Complex Track – 24 months.

**TRIAL DATE:**

    Beginning **October 18, 2022**.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**

Defendants shall disclose the identity of every such party and the basis of the allegation of fault no later than 30 days before the Joinder of Additional Parties deadline and 45 days before Plaintiff's Expert Disclosure Deadline. Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

**AMENDMENT OF PLEADINGS:**

    Plaintiff:    **November 17, 2021**.

    Defendants:    **November 17, 2021**.

**JOINDER OF ADDITIONAL PARTIES:**

    Plaintiff:    **November 17, 2021**.

    Defendants:    **November 17, 2021**.

**THIRD PARTY ACTIONS: November 17, 2021**.

**MOTIONS TO DISMISS:**

    Defendants have all filed motions to dismiss Plaintiff's Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. *See* Docket Nos. 15, 21, 22 and 26. On September 28, 2020, this Court entered an Order granting in part, and denying in part Defendants' motions to dismiss. *See* Docket No. 75.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

    Plaintiff: **January 12, 2022**.

    Defendants: **February 11, 2022**.

    Supplementations under Rule 26(e) due: **March 11, 2022**.

The parties have not stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2).

**COMPLETION OF DISCOVERY:**

    Date all discovery complete: **April 8, 2022**.

    Date for completion of fact discovery: **December 17, 2021**.

**MOTIONS FOR SUMMARY JUDGMENT:**

    **April 22, 2022**.

**OPPOSITION(S) TO MOTIONS FOR SUMMARY JUDGMENT:**

    **May 23, 2022**.

**CHALLENGES TO EXPERT TESTIMONY:**

    **July 11, 2022**.

## **DISCOVERY**

**DISCOVERY NEEDED:**

    *Plaintiff's response:*

Plaintiff seeks discovery into brand-wide matters controlled and influenced by Defendants in order to show what Defendant knew or should have known, and when, about trafficking occurring at its hotels, including, but not limited to, locations at issue in this case. The following topics are vital to assess and understand the extent of control Defendants exercise and are able to exercise over local hotels, including those at issue in this case. Specifically, Plaintiff anticipates discovery may include, but is not limited to: Defendants' relationship with/to and control of local franchise hotels;

Defendants' brand wide security practices and policies and, in particular, those applicable to the local hotels where trafficking occurred; Defendants' brand wide training practices and policies and, in particular, those applicable to the local hotels where trafficking occurred Defendants' knowledge of human trafficking in general; Defendants' knowledge of human trafficking and related crimes at hotels across its brand including the local hotels at issue; Defendants' internet policies and related records; Defendants' electronic systems and databases utilized by and/or containing information about local hotels, including those at issue; Defendant's financial information related to any of the above; Plaintiff's alleged injury and damages. Plaintiff asserts this information is directly relevant and goes to the heart of Plaintiff's claims and Defendants' liability under the TVPRA. Plaintiff reserves the right to identify additional subject areas for discovery based on facts revealed during discovery and her ongoing investigation.

*Defendants' response:* Defendants object to the scope of discovery proposed by Plaintiff as overly broad, unduly burdensome, and not relevant to Plaintiff's remaining claims in this action. Ruling on the Defendants' motion to dismiss Plaintiff's Complaint, this Court made clear Plaintiff has not alleged a plausible claim for direct liability against the Defendants on either of her remaining claims. *See* ECF No. 75. The only remaining theories of liability on which Plaintiff's claims may proceed in this action case are vicarious liability theories for both her TVPRA and negligence claims. As such, Defendants submit that, as contemplated by Rule 26, the scope of discovery must be proportional to the needs of the case. Defendants raise the issue in advance of the upcoming Pre-Trial Conference to streamline the discovery process and promptly advise the court of a potential dispute between the parties regarding the appropriate scope of discovery.

The Defendants anticipate that discovery may include, but will not be limited to, the following subject areas:

1. Each Defendant's relationship with/to the franchised local hotel referenced in

      Plaintiff's Complaint during the relevant time period of 2016 to 2018;

2. Plaintiff's allegations related to her alleged trafficking at the local franchised hotels referenced in Plaintiff's Complaint;

3. The identities and actions of Plaintiff's unnamed alleged traffickers, including any actions aimed at concealing the alleged trafficking;

4. Plaintiff's alleged injury and damages.

By submitting this discovery plan, Defendants do not waive any right to object to specific discovery requests as they may arise in the course of this litigation. The parties reserve the right to identify additional subject areas for discovery based on facts revealed during discovery and their ongoing investigation of the claims.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**

The parties have not stipulated to a different method of disclosure than that required by Fed. R. Civ. P. 26(a)(1). The parties agree to serve their initial disclosures as required by Fed. R. Civ. P. 26(a)(1) within 14 days of the Court's entry of a scheduling order in this action.

**INTERROGATORIES:**

Plaintiff does not intend to propound more than the presumptive limit 25 interrogatories per Defendant but understands the presumptive limit to be as to each Defendant.

**REQUESTS FOR ADMISSION:**

The parties agree that Requests for Admission may be appropriate tools for use in discovery in this action and refer to the Federal Rules of Civil Procedure for the limitations on the use of Requests for Admission.

**DEPOSITIONS:**

Plaintiff intends to seek the presumptive limit of 15 depositions per defendant. Plaintiff understands the deposition limit of a maximum of seven hours running time on the record. The

number of depositions is an issue the parties do **not** have agreement on.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

At this time, it is currently unknown how much electronic stored discovery material will be produced. Plaintiff believes that a significant quantity of material will be produced in electronic form that will occupy time and resources. Within 30 days of the pre-trial conference, the Parties will meet and confer regarding the production of electronic stored information ("ESI"), and negotiate and submit a stipulated order addressing the production of ESI. A briefing schedule is requested in the event the Parties are unable to reach an agreement by stipulation. By **June 6, 2022**, Defendants must certify in good faith that all documents requested by Plaintiff, agreed by the Defendants to be produced, and/or ordered by this Court, have been produced or will be produced within ten (10) days of this date. The certification of completeness

requirement is an issue the parties do **not** have agreement on.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

The parties will meet and confer regarding a stipulation for claims of privilege and protection of trial preparation materials after the close of fact discovery.

### OTHER ITEMS

**SETTLEMENT POSSIBILITIES:**

*Plaintiff's response:* Plaintiff is amenable to settlement discussions. Plaintiff believes early resolution and mediation may be appropriate after initial discovery is conducted.

*Defendants' response:* Settlement possibilities cannot be evaluated at this time, but settlement possibilities may be enhanced through mediation. Any mediation shall occur after the close of fact discovery, absent other agreement by the parties.

**JOINT STATEMENT RE: MEDIATION:**

The parties will notify the Court by **July 8, 2021**.

**TRIAL ESTIMATE:**

The parties will meet and confer regarding the estimated days for trial after the close of fact discovery.

**WITNESSES AND EXHIBITS:**

The parties will submit their witness and exhibit lists, including in the final pretrial statement, within 10 days before the final pretrial conference.

**OTHER MATTERS:**

The parties are beginning the process of negotiating a stipulated Protective Order relating to the Motion for Protective Order and Leave to file anonymously. *See* Docket No. 2. Plaintiff anticipates there may be disputes relating to the disclosure of Plaintiff's identity to her trafficker and any known associates of the trafficker and seeks further protection to avoid potential future threats to Plaintiff's safety. Pending agreement or order regarding such protective order, Plaintiff will continue to provide only her initials to Defendants.

The parties additionally anticipate there may be disputes related to the confidentiality designations and restrictions proposed and related to Defendants' documents. If the parties are unable to reach an agreement regarding this information, they anticipate they will seek assistance from the Court.

Dated: October 28, 2020

Respectfully submitted,

*/s/Michael P. Rainboth*
Michael P. Rainboth, Esquire
Coughlin, Rainboth, Murphy & Lown

439 Middle Street
Portsmouth, NH 03801
(603) 431-1993
mrainboth@nhtrialattorneys.com

*/s/ Tiffany R. Ellis*
Tiffany R. Ellis, Esquire
3011 W. Grand Blvd
24th Floor
Detroit, MI 48202
(313) 315-3151
tellis@weitzlux.com
*Anticipating pro hac vice admission*


*Counsel for Plaintiff*

*/s/ Erin S. Bucksbaum*
Erin Shane Bucksbaum
Michael P. Johnson
Boyle Shaughnessy Law PC
650 Elm St, Suite 404
Manchester, NH 03101
(603) 965-2596
ebucksbaum@boyleshaughnessy.com
mjohnson@boyleshaughnessy.com


*/s/William N. Shepherd*
William N. Shepherd
Florida Bar No. 88668
(admitted *pro hac vice*)
222 Lakeview Avenue
Suite 1000
West Palm Beach, FL 33401
Telephone: (561) 883-2000
Facsimile: (561) 650-8399
William.shepherd@hklaw.com

*/s/ John. M. Hamrick*
John M. Hamrick
Georgia Bar No. 322079
(admitted *pro hac vice*)
1180 West Peachtree Street, NW
Suite 1800
Atlanta, GA 30309
Telephone: (404) 817-8500
Facsimile: (404) 881-0470

john.hamrick@hklaw.com

*Counsel for Inter-Continental Hotels Corporation*

*/s/Robert R. Lucic*
Robert R. Lucic, Esquire
Megan C. Carrier, Esquire
Sheehan Phinney Bass & Green PA
1000 Elm Street
P.O. Box No. 3701
Manchester, NH 03105-3701
(603) 627-8103
rlucic@sheehan.com
mcarrier@sheehan.com

*/s/ David S. Sager*
David S. Sager, Esquire
DLA Piper LLP
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
(973) 520.2570
david.sager@dlapiper.com

*Counsel for Wyndham Hotels and Resorts, Inc.*

*/s/ Karen Campell*
Karen Campbell, Esquire
Kristin Hartman, Esquire
Lewis Brisbois Bisgaard & Smith LLP
77 Water Street, Suite No. 2100
New York, NY 10005
(212) 232-1300
karen.campbell@lewisbrisbois.com
kristin.hartman@lewisbrisbois.com

*Counsel for Best Western International, Inc.*

*/s/ Megan C. Carrier*
Robert R. Lucic, Esquire
Megan C. Carrier, Esquire
Sheehan Phinney Bass & Green PA
1000 Elm Street
P.O. Box No. 3701
Manchester, NH 03105-3701
(603) 627-8103
rlucic@sheehan.com
mcarrier@sheehan.com

*/s/ Michael P. O'Day*
Michael P. O'Day, Esquire
Ellen E. Dew, Esquire
DLA Piper LLP
6225 Smith Avenue
Baltimore, MD 21209
(410) 580-3000
michael.oday@dlapiper.com
ellen.dew@dlapiper.com

*Counsel for Marriott International, Inc.*