UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

K.B.

    v.                        Case No. 19-cv-1213-AJ

Inter-Continental Hotels Corp.,
Wyndham Hotels and Resorts, Inc.,
Best Western International, Inc.,
and Marriott International, Inc.

**ORDER**

On October 28, 2020, the parties submitted a proposed discovery plan. (Doc. no. 84). The discovery plan is approved with the following changes:

**Depositions:** The parties are limited to the presumptive limit of 10 depositions, without prejudice to seeking leave of court for additional depositions. See Fed. R. Civ. P. 30(a)(2)(A)(i).

**Electronic Information Disclosures.** The parties shall meet and confer after the exchange of initial disclosures regarding the production of electronically stored information (ESI). These discussions should be framed in the context of specific claims and defenses and the nature and complexity of the matter.

The parties shall consider the factors set out in Civil Form 2[1] and submit a supplemental statement regarding ESI no later than December 16, 2020.

**Claims of privilege/protection of trial preparation materials.** If a party withholds information based on a claim of privilege, the party must "expressly make the claim" and describe the information not disclosed in a manner that allows "other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

In the event a party or non-party inadvertently produces or discloses documents or information protected by the attorney-client privilege, work-product doctrine, or any other privilege recognized by law, the party or non-party that inadvertently produced or disclosed the privileged information will promptly notify the party or parties to whom it was disclosed. Upon receiving such notification, the receiving party shall, within seven (7) days: (1) return the inadvertently produced information and any copies thereof; (2) destroy any remaining copies of such information; (3) not use or disclose such

---

[1] The parties are reminded that the court adopted a new template discovery plan as part of the December 1, 2019 amendments to the Local Rules. The revised Civil Form 2 and ESI checklist can be found here: http://www.nhd.uscourts.gov/forms-0.

information further; and (4) take reasonable steps to retrieve the information if the party disclosed it before being notified. The inadvertent production of such material will not be deemed to waive any privileges.  Nothing herein will prevent any party from arguing that the material was never privileged or otherwise immune from disclosure, or that such privilege or immunity has otherwise been waived.  See Fed. R. Civ. P. 26(b)(5)(B).

**Completion of discovery**.  The parties are advised that the court considers the deadline for the completion of discovery to be a deadline by which discovery is to be completed – not a deadline by which discovery is to be served.  Propounding parties shall ensure that enough time remains in the discovery period for the recipient to provide its responses by that deadline.  Where Federal Rule 33(b)(2), 34(b)(2), or 36(a)(3) would call for a response after the deadline, the recipient need not provide a response.

**Discovery disputes**.  Should discovery disputes arise in this case, prior to filing a motion to compel, the parties may request an informal conference.  The party or counsel seeking discovery-related relief should confer with opposing counsel, identify mutually available dates, and then contact the Deputy Clerk to schedule a conference with the court.  The court will

3

inform the parties and counsel what written materials, if any, will be permitted in advance of the conference.  To the extent this informal process does not resolve the discovery dispute, the parties may file an appropriate motion.[2]

**Status Conference**.  The parties shall file a joint statement on the status of discovery no later than 60 days prior to the close of discovery deadline.  The parties should indicate in that report whether they request a discovery status conference before the court.  If the parties request a conference, or if the court otherwise deems one necessary, then the Clerk's Office shall schedule a conference as soon as is practicable.

SO ORDERED.

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

November 10, 2020

cc: counsel of record

---

[2] The parties' proposed discovery order notes a dispute as to their respective positions on the scope of discovery.  The court declines to resolve that dispute in the order.  If necessary, the court will address any discovery disputes as they arise.